UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

UCMS LLC, a foreign LLC a/a/o       CASE NO.: 2:20-cv-253-ftM-38NPM
Sandy Utley & Shelly Share Trust
dba Universal Contracting of Florida,

    Plaintiff

v.

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## DISCOVERY PLAN

**A.    Filing and Serving Discovery**

The parties must not electronically file discovery materials unless provided for in the Local Rules. Each party must timely serve discovery requests so the other side may respond before the discovery deadline. The Court may deny as untimely motions to compel filed after the discovery deadline.

**B.    Limits on Discovery**

Without the Court's permission, the parties may take no more than ten depositions per side (not per party) and may serve no more than 25 interrogatories including subparts. The parties may also stipulate to other discovery limits (*check one*):

    X No additional limits on discovery are needed

    ☐ Agree to limit discovery:

- Depositions:
- Interrogatories:
- Document requests:
- Requests for admission:
- Supplementation to discovery:

1. Matters not otherwise specifically addressed herein are governed by the Civil Discovery Handbook.

**C.      Electronic Discovery**

The parties have discussed the disclosure and discovery of electronically stored information ("ESI") and agree that (check one):

    X      No party anticipates the disclosure or discovery of ESI

    ☐      One or more parties anticipate the disclosure or discovery of ESI 1 Matters not otherwise specifically addressed herein are governed by the Civil Discovery Handbook.

If a party anticipates ESI discovery, then the parties must discuss, at a minimum, these issues:

- the form(s) in which ESI should be produced

- the nature and extent of the ESI disclosure and discovery, including specific topics for discovery and the period for which discovery will be sought

- whether the production of metadata is sought, and if so, what types of metadata

- sources of ESI within a party's control that should be searched for ESI, and whether either party has ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information

- the characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems

- issues about preserving discoverable ESI

- assertions of privilege or protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they must attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order must comply with the Local Rules.

- whether ESI discovery should be conducted in phases, limited, or focused on certain issues.

**D.      Disclosure of Expert Testimony**

Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report. Failure to disclose this information may cause the Court excluding all or part of the expert witness' testimony.

E.     **Motions to File Under Seal and Confidentiality Agreements**

Whether documents may be filed under seal is a separate issue from whether the parties agree to produce confidential documents. The Court is a public forum and strongly disfavors motions to file under seal. The Court will permit the parties to file documents under seal only on a finding of extraordinary circumstances and particularized need. A motion to file under seal must comply with the Local Rules. And any such motion, whether granted or denied, will remain in the public record.

The parties may designate materials as confidential without the Court endorsing any confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements per the Local Rules. Each confidentiality agreement must provide (or will be deemed to provide) that no party may file a document under seal without a Court order.

Date:  May 21, 2020

*Signature of Counsel (per Local Rule 1.05) and Unrepresented Parties:*


| /s/Ciera Lipps | /s/ Ronald E. Perez, Jr. |
|---|---|
| CIERA LIPPS, ESQUIRE | RONALD E. PEREZ, JR., ESQUIRE |
| Florida Bar No.:1018624 | Florida Bar No.: 0111030 |
| 6617 Gulfport Boulevard South | 5020 West Linebaugh Avenue, Suite 250 |
| South Pasadena, FL 33707 | Tampa, Florida  33624 |
| Telephone No.: 727-827-7777 | Telephone No.: 813-288-8489 |
| Fax No.: 813-701-8482 | Fax No.: 813-264-4164 |
| Email: cierafilings@kovarlawgroup.com | E-mail: rperez@pstllaw.com |
| clipps@kovarlawgroup.com | dsanz@pstllaw.com |
| allyson@kovarlawgroup.com | tzimmerman@pstllaw.com |
| Attorney for Plaintiff | Attorney for  Defendant |